

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00196-CR

JEFFREY MICKENS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2018-C-082

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Jeffrey Mickens was indicted for two counts of aggravated kidnapping, as well as murder, attempted capital murder of a peace officer, and aggravated assault. Mickens waived his right to a jury trial and, in a single proceeding, pled guilty to all five indictments. The trial court sentenced Mickens to twenty years' imprisonment for the aggravated assault and eighty years' imprisonment for all remaining offenses and ordered that the sentences run concurrently.

In this case, we address Mickens's appeal of his conviction for aggravated kidnapping of Barbara.[1] *See* TEX. PENAL CODE ANN. § 20.04. Mickens argues that (1) the trial court erred when it failed to admonish Mickens about the advantages and disadvantages of self-representation; (2) Mickens's jury trial waiver was invalid because it failed to comport with Article 1.13 of the Texas Code of Criminal Procedure; (3) Mickens's guilty plea was invalid because the trial court failed to properly admonish him of the advantages and disadvantages of self-representation, the rights he would be waiving, or the range of punishment; (4) Mickens's right to double jeopardy was violated because his conviction for aggravated assault was precluded by his conviction of aggravated kidnapping; and (5) the trial court erred in assessing court costs on all five of Mickens's convictions.

As discussed in our opinion in cause number 06-19-00195-CR, we find no error in Mickens's first two points of error and find (1) that Mickens was competent to waive, and intelligently and knowingly waived, his right to counsel, after being sufficiently admonished and (2) that Mickens knowingly and intelligently waived his right to jury trial. As to Mickens's third

_____

[1]To protect the confidentiality of the child involved, we refer to all parties by pseudonym. *See* TEX. R. APP. P. 9.8(b)(2).

2

and fourth points of error, we find that Mickens knowingly and voluntarily pled guilty and that his right against double jeopardy was not violated upon his conviction for aggravated kidnapping and aggravated assault. We also modify the judgment and delete the trial court's assessment of court costs for this case, where costs were assessed in the first conviction. In all other ways, we affirm the trial court's judgment, as modified.

## I. Mickens's Waiver of His Right to Counsel Was Valid

For this issue, we direct the reader to our opinion in *Mickens v. State*, cause number 06-19-00195-CR, issued on even date herewith. We explained in that opinion why we overruled Mickens's complaint that the trial court did not warn him sufficiently about his waiver of counsel in compliance with *Faretta v. California*.[2] For the same reasons explained in cause number 06-19-00195-CR, we likewise overrule that point of error in this appeal.

## II. Mickens's Jury Trial Waiver Was Valid

For this issue, we direct the reader to our opinion in *Mickens v. State*, cause number 06-19-00195-CR, issued on even date herewith. We explained in that opinion why we overruled Mickens's complaint that his jury trial waiver was invalid because it failed to comport with Article 1.13 of the Texas Code of Criminal Procedure. For the same reasons explained in cause number 06-19-00195-CR, we likewise overrule that point of error in this appeal.

## III. Mickens's Plea of Guilty Made Voluntarily and Freely

In our opinion in *Mickens v. State*, cause number 06-19-00195-CR, we described the analysis for determining whether a plea of guilty is made freely and voluntarily. We direct the

---

[2]*Faretta v. California*, 422 U.S. 806 (1975).

reader to our opinion in that case for a detailed summary of the events at Mickens's trial and the law we applied to those events.

In brief, we consider the totality of the circumstances viewed in light of the entire record. *Griffin v. State*, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986); *Fluellen v. State*, 443 S.W.3d 365, 368 (Tex. App.—Texarkana 2014, no pet.). "[T]he record must affirmatively disclose that a defendant . . . entered his plea understandingly and voluntarily." *Brady v. United States*, 397 U.S. 742, 747 n.4 (1970); *see Boykin v. Alabama*, 395 U.S. 238, 243–44 (1969); *see also Davison v. State*, 405 S.W.3d 682, 687 (Tex. Crim. App. 2013). The trial court must admonish the defendant in substantial compliance with the requisites of Article 26.13 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (Supp.).

As in cause number 06-19-00195-CR, the trial court accepted Mickens's plea of guilty to the instant charge of aggravated kidnapping after Mickens stated he pled guilty because he was in fact guilty. Mickens had not been forced or threatened to plead guilty. His plea was made freely and voluntarily. Moreover, Mickens understood the crime was a first-degree felony with a punishment range of five to ninety-nine years or life incarceration. Per the analysis in cause number 06-19-00195-CR and the admonishments particular to Mickens's plea to this charge, we find his plea to the charge of aggravated kidnapping was made freely and voluntarily. *See id.* As a result, Mickens's third point of error is overruled.

## IV.    Mickens's Right Against Double Jeopardy Was Not Violated

Mickens's double-jeopardy argument is only made to his conviction in cause number 06-19-00199-CR. We address his argument in our opinion in that cause number.

4

## V. Court Costs

In his last point of error, Mickens correctly points out that, while court costs were properly assessed against him in *Mickens v. State*, cause number 06-19-00195-CR, the trial court erred when it also assessed court costs in this case. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073 (where defendant convicted of two or more offenses in a single criminal action, court costs may only be assessed once). The State agrees that this was error.

"This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry*, 813 S.W.2d at 529–30). We, therefore, modify the trial court's judgment by deleting the inclusion of court costs.

## VI. Conclusion

As modified, the trial court's judgment is affirmed.

Scott E. Stevens
Justice

Date Submitted:     August 26, 2020
Date Decided:      October 9, 2020

Do Not Publish

5